IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TOMMY GUERRERO<br>　　*Plaintiff,*<br><br>v.<br><br>NATIONWIDE LLOYDS INSURANCE<br>COMPANY and CHELSEA MCKINLEY<br>　　*Defendants.* | §<br>§<br>§<br>§<br>§　CIVIL ACTION NO: 4:19-cv-4105<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

Defendant Chelsea McKinley ("McKinley"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Tommy Guerrero v. Nationwide Lloyds Insurance Company and Chelsea McKinley*; Cause No. 2019-65594; In the 129th Judicial District of Harris County, Texas.

## I.
## BACKGROUND

1. Plaintiff Tommy Guerrero (hereinafter "Plaintiff") initiated the present action by filing his Original Petition in Cause No. 2019-65594; In the 129th Judicial District of Harris County, Texas on September 11, 2019 (the "State Court Action").[1]

2. Defendant Nationwide Lloyds Insurance Company ("Nationwide") appeared and answered on October 11, 2019, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[2]

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendants in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81, a full copy of the state court file has been requested and will be filed upon receipt.

---

[1]　*See* Exhibit A, Plaintiff's Original Petition with Citation.
[2]　*See* Exhibit B, Nationwide Lloyds Insurance Company's Original Answer.

4. Pursuant to Southern District of Texas Local Rule 81(4), a copy of the State Court Action docket sheet is attached as **Exhibit C.**

5. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, McKinley will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 129th Judicial District Court of Harris County, Texas.

6. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on McKinley of Plaintiff's Original Petition and less than one year after the commencement of this action.[3]

## II.
## JURISDICTION

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.    Diversity of Parties**

8. Plaintiff is domiciled in Harris County, Texas.[4]   Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

9. Nationwide Lloyds Insurance Company is organized under the laws of Texas and maintains its principal place of business in Texas.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Texas. However, Nationwide Lloyds Insurance Company is improperly joined to this lawsuit and therefore Nationwide's citizenship should be disregarded.

---

[3] McKinley was not properly served. Instead, Plaintiff attempted service by delivering a citation to a Nationwide corporate office in Des Moines, Iowa. In an abundance of caution, however, McKinley files this notice of removal within thirty days of Plaintiff's attempted service on McKinley.
[4] Exhibit A, Plaintiff's Original Petition with Citation, at ¶ 1.

10. Defendant Chelsea McKinley is an individual domiciled in the State of Iowa. Pursuant to 28 U.S.C. § 1332(a), therefore, McKinley is a citizen of the State of Iowa.

11. Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

### i. *Improper Joinder*

12. A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a defendant that it improperly alleges is non-diverse, or (2) the plaintiff has not stated a claim against a defendant that it properly alleges is non-diverse.[5] Because Nationwide Lloyds Insurance Company is non-diverse, only the latter option is implicated in this case.

13. A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant.[6] A non-diverse defendant is improperly joined if there is merely a theoretical possibility of recovery.[7]

14. Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[8] Under such analysis, the critical question is whether the allegations of Plaintiff's Original Petition "contain[s] sufficient factual matter, accepted as true, to state a claim to relief under Texas law."[9] In undertaking this decision, courts are to apply the federal pleading

---

[5] *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).
[6] *Id.* at 200 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *see also Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).
[7] *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (quoting *Campbell v. Stone Ins. Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)).
[8] *Kling Realty Co.*, 575 F.3d at 513.
[9] *Trang v. Bean*, 600 Fed. Appx. 191, 193 (5th Cir. 2015) (internal citations omitted).

standards to the asserted state court claims.[10] The facts supporting removal must be judged at the time of removal.[11] A plaintiff's obligation to provide the grounds for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.[12] Put simply, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[13]

15. In this case, Plaintiff has asserted causes of action against Nationwide Lloyds Insurance Company for a breach of contract, breach of the duty of good faith and fair dealing, and violations of Texas Insurance Code Chapters 541 and 542.[14] Plaintiff claims its causes of action against Nationwide Lloyds Insurance Company arise from the insurance policy it issued to Plaintiff.[15] Plaintiff's operative insurance policy, however, was issued by Nationwide General Insurance Company.[16] Therefore, there is no reasonable basis to predict that Nationwide Lloyds Insurance Company could be liable to Plaintiff for breach of contract.

16. Generally, without a breach of contract claim, a plaintiff cannot maintain claims under Texas Insurance Code Chapters 541 or 542.[17] An insured cannot maintain a claim under Texas Insurance Code Chapter 541 without first establishing a breach of contract.[18] Similarly, since Nationwide Lloyds Insurance Company did not issue Plaintiff's policy, it cannot be liable

---

[10] *Int'l Energy Ventures*, 818 F.3d at 200-08.
[11] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).
[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[13] *Id.* at 570.
[14] *See* Exhibit A, Plaintiff's Original Petition with Citation, at ¶¶ 39-52.
[15] *Id.* at ¶ 39.
[16] *See* Exhibit D, Homeowners Declarations from Certified Copy of Policy No. 78 42 HO 701549 (showing Nationwide General Insurance Company as Plaintiff's insurer). As an aside, Nationwide General Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio.
[17] *Durham v. Allstate Veh. & Prop. Ins. Co.*, No. J-17-1752, 2019 WL 764581, at *4 (S.D. Tex. Feb. 4, 2019) (citing *Certain Underwriters at Lloyd's of London v. Lowen Valley View, LLC*, 892 F.3d 167, 172 (5th Cir. 2018)); *see also Lewis v. Hays Grp.*, No. CIV.A-H-08-215, 2010 WL 1404448, at *4 (S.D. Tex. Mar. 31, 2010) *aff'd sub nom. Lewis v. AIG Life Ins. Co.*, 423 Fed. Appx. 394 (5th Cir. 2011) (dismissing claims for breach of contract and Texas Insurance Code violations because the plaintiff had no contract with the insurer).
[18] *Hamilton Props v. Am. Ins. Co.*, 643 Fed. Appx. 437, 442 (5th Cir. 2016).

to Plaintiff under Chapter 542 of the Texas Insurance Code. To be held liable under Chapter 542 of the Texas Insurance Code, an insured must show: "(1) a claim was made under an insurance policy, (2) the insured is liable for the claim, and (3) the insurer failed to follow one or more sections of the prompt-payment statute with respect to the claim."[19] An insured must show the insurer "is liable for the claim" to prevail under Texas Insurance Code Chapter 542.[20] As previously established, Nationwide Lloyds Insurance Company did not issue Plaintiff's operative policy and therefore cannot be liable to Plaintiff for any violations of Texas Insurance Code Chapters 541 or 542.

17. Finally, Nationwide Lloyds Insurance Company cannot be liable to Plaintiff for the breach of the duty of good faith and fair dealing. An insurer breaches its duty of good faith and fair dealing to its insured when there is no reasonable basis for denial of a claim or delay in claim payment or "'a failure on the part of the insurer to determine whether there is any basis for the denial or delay.'"[21] Nationwide Lloyds Insurance Company did not insure Plaintiff. Consequently, Nationwide Lloyds Insurance Company owed no duty of good faith and fair dealing to Plaintiff and there is no reasonable basis to predict that it could be liable for this cause of action.

18. As explained above, there is no reasonable basis to predict that Nationwide Lloyds Insurance Company could be liable to Plaintiff in this case because it did not issue Plaintiff's operative policy. Nationwide Lloyds Insurance Company is therefore improperly joined to this action because each of Plaintiff's claims against it fail under a Rule 12(b)(6)

---

[19] *Dean v. State Farm Lloyds*, No. 5:16-CV-1321-DAE, U.S. Dist. LEXIS 223488, at *21 (W.D. Tex. Nov. 20, 2018); *see also* Tex. Ins. Code § 542.060(a) (Chapter 542 is applicable "if an insurer is liable for a claim under an insurance policy").
[20] *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 518 (5th Cir. 2015).
[21] *Khan v. Allstate Fire & Cas. Ins. Co.*, No. H-11-2693, 2012 U.S. Dist. LEXIS 63842, at *15 (S.D. Tex. May 7, 2012) (quoting *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 3d 734, 741 (S.D. Tex. 1998)).

analysis. Thus, there is complete diversity of citizenship between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

19.     Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[22] Plaintiff's Original Petition states Plaintiff seeks "monetary relief less than $100,000."[23] However, Courts may look past the pleadings to analyze a plaintiff's pre-suit demand as well as all categories of damages sought in the lawsuit, including punitive damages, to determine the amount in controversy.[24]  Here, this analysis plainly sets the amount in controversy above the $75,000 threshold for this Court's jurisdiction.[25]

20.     Plaintiff's pre-suit demand claimed $47,185.97 in "covered damages" after application of the policy deductible.[26] Plaintiff's Original Petition also seeks damages for treble damages,[27] and alleges Defendants' conduct was "done 'knowingly' as that term is used in the Texas Insurance Code."[28]  The trebling of actual damages asserted in a demand letter is sufficient to set the amount in controversy for purposes of diversity jurisdiction.[29] Therefore, Plaintiff, at a minimum, seeks damages equal to $141,557.91, which constitutes a trebling of Plaintiff's actual damages.

---

[22]  28 U.S.C. §1446(c)(2); *see also Wilson v. Hibu, Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *2 (N.D. Tex. Oct. 28, 2013).
[23]  Exhibit A, Plaintiff's Original Petition with Citation, at ¶ 5.
[24]  *Villarreal v. State Farm Lloyds*, No. 7:15-cv-292, 2015 WL 5838876 at *2 (S.D. Tex. Oct. 7, 2015).
[25]  Exhibit E, Jan. 2, 2019 Demand Letter from Plaintiff with Repair Estimate from The Disaster Advocates, Inc. *See also Leon v. Great Lakes Reinsurance (UK)*, No. 7:17-CV-183, 2017 U.S. Dist. LEXIS 220707, at **5-6 (S.D. Tex. July 11, 2017) (considering the trebling of plaintiff's actual damages to establish the amount in controversy).
[26]  Exhibit E, Jan. 2, 2019 Demand Letter from Plaintiff with Repair Estimate from The Disaster Advocates, Inc.
[27]  Exhibit A, Plaintiff's Original Petition, at ¶ 58.
[28]  *Id.* at ¶ 52.
[29]  *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, at **6-7 (S.D. Tex. Feb. 18, 2016).

21. Moreover, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[30] Here, Plaintiff further seeks exemplary and punitive damages and "damages for emotional stress,"[31] prompt payment penalties,[32] and attorney's fees.[33] This amount must also be included as part of the amount in controversy and further places the amount in controversy in excess of $75,000.

22. The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition and his pre-suit demand letter. Trebling Plaintiff's actual damages, alone, exceeds $75,000 without consideration of the remaining elements of Plaintiff's damage model, which include statutory penalties, exemplary damages, attorney's fees and "damages for emotional stress." Therefore, the amount in controversy in this case exceeds $75,000 and jurisdiction is proper in this court. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

23. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

24. WHEREFORE, Defendant Chelsea McKinley hereby provides notice that this action is duly removed.

---

[30] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).
[31] Exhibit A, Plaintiff's Original Petition, at ¶ 60.
[32] *Id.* at ¶ 59.
[33] *Id.* at ¶ 57.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
Telephone: (512) 476-7834
Facsimile: (512) 476-7832

**ATTORNEY-IN-CHARGE FOR DEFENDANT CHELSEA MCKINLEY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
C Daniel DiLizia
Texas Bar No. 24099800
Southern District No. 2970159
ddilizia@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CMRRR this the 21st day of October, 2019 to:

Andrew A. Woellner  **#9414 7266 9904 2137 9605 35**
The Potts Law Firm, LLP
3737 Buffalo Speedway, Ste. 1900
Houston, TX 77098

*/s/ Patrick M. Kemp*
Patrick M. Kemp